904 NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Di Palma v. National Silk Dyeing Co.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

CONCETTA DI PALMA, BY MATTEO RICCO, ROYAL CONSUL
AGENT OF ITALY, INTERVENING IN HER BEHALF,
AND MARIA DI PALMA AND DOMENICO DI PALMA, BY
MATTEO RICCO, ROYAL CONSUL AGENT OF ITALY,
THEIR NEXT FRIEND, PETITIONERS, v. NATIONAL
SILK DYEING COMPANY, A CORPORATION, RESPOND-
ENT.

**Jurisdiction—Issue Postponed Indefinitely Pending the Return
of Interrogatories Sent to Italy—Issue Finally Brought to
Hearing After More Than One Year Had Elapsed—Held,
Upon Objection of Respondent, the Bureau Had Lost Juris-
diction.**

On petition for compensation. On order dismissing claim
petition.

It appearing that the above claim petition was filed Febru-
ary 3d, 1926, and thereafter answer was filed by the respondent
March 26th, 1926, and notice sent by the compensation
bureau, setting the case down for hearing at Paterson, April
1st, 1926. The case was not tried on that date, a letter being
received by me dated March 27th, 1926, from the attorney
for the petitioner, requesting that the case be adjourned in-
definitely until such time as interrogatories which were being
sent to Italy were returned. Thereafter the attorney for the
petitioner served interrogatories to take testimony in Italy
on or about March 29th, 1926 and the respondent returned
the same, together with cross-interrogatories, April 7th, 1926.
No step had been taken in the case since that date until June
18th, 1927, when notice was issued by me, at the request of
the attorney for the petitioner, setting the case down for hear-
ing in Paterson, Thursday, June 23d, 1927. The respondent
immediately objected to proceeding with the case on the
ground that no step having been taken in the case for a
period of over a year, and the petitioner having failed upon
the day fixed for hearing to continue it by stated adjourn-

ments in regular manner upon the records of the court, either by consent of the defendant or by application upon notice to the defendant, this bureau has lost jurisdiction of the case and the petitioner must be dismissed. The authority for this contention is *Ringwalt Linoleum Works* v. *Theresa Liquor et al.*, 89 *N. J. L.* 452, where the New Jersey Supreme Court held in a similar situation that jurisdiction of the case was lost by permitting the lapse of a year under similar circumstances. The court there said:

"The manifest and clear intent of the act is to secure that inexpensive and expeditious determination of the controversy which theretofore was claimed to be a fatal defect in existing legal procedure.

"The procedure followed in the case at bar obviously violates the spirit of the act. The proceedings being entirely statutory, it was incumbent upon the petitioner to present her case upon the day fixed for hearing, or to continue it by stated adjournments in regular manner upon the records of the court, either by consent of the defendant or by an application made upon notice to the other side, so that the defendant would have notice of the proceeding, and be cognizant of the status of the case. To countenance this application after twelve months have expired since the last regular step was taken in the proceeding is, in effect, to ignore the very purpose of this legislation, and to give to the party in laches an advantage which he could not have attained under legal procedure as it existed anterior to the enactment."

Upon consideration of the matter and the jurisdiction of the bureau being objected to by the respondent, I am forced to conclude that the case at bar is within the decision cited, *supra*. It is therefore, on this 26th day of July, 1927, ordered that the said petition be and the same hereby is dismissed and for nothing holden.

HARRY J. GOAS,
*Deputy Commissioner.*